**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID RUFFIN, | : |
| Plaintiff | : |
| v. | : CIVIL ACTION NO. 3:16-1987 |
| | : (Judge Mannion) |
| SUPERINTENDENT V. MOONEY, *et al.,* | : |
| Defendants | : |

**MEMORANDUM**

## I. Background

Plaintiff, David Ruffin, an inmate at the Retreat State Correctional Institution, Hunlock Creek ("SCI-Retreat"), Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). He claims that his maximum sentence date was June 14, 2016, and that due to the fact that he was charged with institutional misconducts, he is "stuck in the RHU on disciplinary custody until June of 2018." Id. To date he claims that he has "not had an opportunity to be heard by Parole and no reason give for Parole resection." Id.

He further claims that on June 6, 2016, he was transferred to SCI-Retreat from SCI-Dallas "as an D-Stability prisoner" because he "suffers from a mental impairment consisting of emotional illness." Id. However, once at SCI-Dallas, he

was "denied participation in D-Stability services for cussing at PA O'Brien." Id.

Thus, Plaintiff filed the instant action seeking "to be seen and heard by Parole Board in a parole hearing" to determine whether "or not [he is] housed in the RHU undergoing DC time or to be released from the DOC for early release" as well as "to be re-examined for D-Stability programming or to be placed in D-Stability programming." Id.

Along with the filing of his complaint, Ruffin submitted an application to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 2).

A court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. §1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. §1997e (prisoner actions brought with respect to prison conditions). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* will be

granted, and the Plaintiff's complaint will be dismissed as legally frivolous.

## II. Discussion

In order to state a viable section 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")); see Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

With respect to Plaintiff's request for a parole hearing or to be released from confinement[1], it is well-settled that prisoners cannot use §1983 to challenge

---

[1] To the extent that Plaintiff seeks to be released on parole, the Constitution does not by itself give a convict a liberty interest in parole protected by the Fourteenth Amendment. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979); Thorpe

the fact or duration of their confinement or to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). Although a writ of habeas corpus is not explicitly raised in Plaintiff's filings, to the extent that Ruffin seeks release, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his confinement under section 2254. 28 U.S.C. §2254. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of §1983." Preiser, 411 U.S. at 499 (determining that challenges to the fact or duration of physical confinement, or seeking an immediate or speedier release from that confinement is the heart of habeas corpus); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (holding, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate"). Consequently, to the extent Plaintiff is seeking habeas relief pursuant to section 2254, his complaint

---

v. Gillo 80 Fed. Appx. 215, 219 (3d Cir.2003). While the states may create a liberty interest under the Fourteenth Amendment, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rodgers v. Parole Agent SCI- Frackville, Wech, 916 F. Supp 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993). The Board has complete discretion to grant or deny parole, without constraint from any particularized substantive predicates. See 61 Pa. C.S.A. §331.21.

will be dismissed without prejudice.

Moreover, to the extent that Plaintiff seeks to "be placed in D-Stability programming", it is well established that prisoners have no inherent constitutional right to placement in any particular prison, to any security or custody classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88, (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." Id. As such, Plaintiff's complaint will be dismissed.

## IV.  Conclusion

In light of the foregoing, the above captioned action, filed pursuant to 42 U.S.C. §1983, will be **DISMISSED**, without prejudice, as legally frivolous under 28 U.S.C. §1915(e)2(B)(i), and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: January 31, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1987-01.wpd